## W. B. QUIGLEY and ANDREW DONNAN
## *v.*
## THE EXECUTRIX OF DAVID SPEAR, dec'd.

ASSESSING DAMAGES BY THE COURT — *in the Circuit Court of Logan county.* The act of February 11, 1857, which authorizes the court, in any of the Circuit Courts of the eighth judicial circuit, to assess damages that are unliquidated; in all suits at law upon contracts, where interlocutory judgments are entered by default,

applies to the Circuit Court of Logan county, that county being embraced in the eighth circuit.

WRIT OF ERROR to the Circuit Court of Logan County; the Hon. DAVID DAVIS, Judge, presiding.

In September, 1861, David Spear instituted an action in the Circuit Court of Logan County, against W. B. Quigley and Andrew Donnan, upon the following contract:

"It is agreed between W. B. Quigley and A. Donnan of one part, and David Spear of the other part, that when Henry Jordan pays his note, given to said Spear, indorsed by said Spear, for five thousand five hundred dollars, payable two years after date, with ten per cent. interest from date, payable annually, and dated Springfield, Ill., August, 1857, which note is held by said Quigley & Donnan, that then said Quigley & Donnan are to pay to said Spear five hundred dollars, or the amount received over five thousand if not five hundred dollars.

W. B. QUIGLEY,<br>ANDREW DONNAN."

The suit was commenced by attachment, and constructive service was had by publication. The defendants not appearing, an interlocutory judgment by default was entered, whereupon the court assessed the damages, without the intervention of a jury, and final judgment was entered upon such assessment.

Thereupon the defendants sued out this writ of error against the executrix of Spear, he having, in the meantime, died.

The question arising under the assignment of errors is, whether the court, under the act of February 11, 1857, was authorized to assess the damages without the intervention of a jury.

The first section of that act declares what counties shall constitute the eighth judicial circuit, and among them is Logan county. The fourth section provides, "That in all suits at common law in the Circuit Courts of said circuit, where interlocutory judgments shall be given upon the default of any defendant, and the action is founded upon contract, whether

23 — 33D ILL.

such contract be in writing or otherwise, and the damages are unliquidated and do not rest in computation, the said court may, in its discretion, without the intervention or impanneling of a jury, hear evidence, and assess damages, and enter final judgment therefor." Sess. Acts, p. 13; Scates' Comp. 634, 635.

Messrs. STUART, EDWARDS & BROWN, for the plaintiffs in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

Section 4 of the act of February 11, 1857 (Sess. Laws, p. 13), provides "that in all suits at common law in the Circuit Courts "of said circuit where interlocutory judgments shall be given "upon the default of any defendant, and the action is founded "upon contract, whether such contract be in writing or other- "wise, and the damages are unliquidated and do not rest in "computation, the said court may, in its discretion, without the "intervention or impanneling of a jury, hear evidence and assess "damages and enter final judgment therefor."

The Circuit Court of Logan county was one of the courts mentioned in the act, and the court below heard the evidence, assessed the damages, and rendered final judgment therefor as it was authorized to do by the act.

*Judgment affirmed.*